**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**ARTIFICIAL INTELLIGENCE, CORP.,**

    *Plaintiff,*

    v.

**OSVALDO OSCAR FRIGER SALGUEIRO,**

    *Defendants.*

**CIVIL NO. 19-1690 (DRD)**

**OPINION AND ORDER**

Pending before the Court is Osvaldo Oscar Friger Salgueiro, and Friger Entertainment, Inc.'s *Motion to Dismiss Amended Complaint (Docket No. 22) Pursuant to Fed. R. Civ. P. 12(b)(6)* (Docket No. 23) (collectively, the "Defendants"). Plaintiff, Artificial Intelligence, Corp. (hereinafter, "Plaintiff" or "AIC") filed its respective *Opposition* thereto. *See* Docket No. 24. A *Reply* was filed by the Defendants shortly thereafter. *See* Docket No. 25.

For the reasons stated herein, the Court hereby **GRANTS IN PART** the Defendants' *Motion to Dismiss Amended Complaint (Docket No. 22) Pursuant to Fed. R. Civ. P. 12(b)(6). See* Docket No. 23.

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

The instant suit arises out of an alleged infringement under the Copyright Act of 1976, as amended, against the Defendants. *See* 17 U.S.C. § 101, et seq. To wit, Plaintiff alleges that since approximately 2007, it "has been producing for Mech Tech College, LLC, a television program titled *'Mech-Tech Racing'* (television program) that airs on Wapa Televison[sic.] Station on

weeknights." Docket No. 22 ¶ 10. According to Plaintiff, "[t]he program reviews motor vehicles (cars), interviews automotive industry personnel, covers automotive events, among others." *Id.*

Mr. Osvaldo Friger had a contractual relationship with AIC from November 2010 until October 2017. *See* Docket No. 23 at 5. The relationship consisted on Mr. Friger's "participat[ion] on various automotive review capsules of the already existing program *'Mech Tech Racing.'* " Docket No. 22, ¶ 12. All costs related to the production of the capsules were covered by AIC. *Id.*, ¶ 13.

One year and two months after the conclusion of the contractual relationship between the parties, Defendant Friger filed a *Complaint* before the Court of First Instance, Caguas Superior Part "for the continuous, intentional and unauthorized use of his image, in violation of his image rights." Docket No. 23 at 3. The Court takes judicial knowledge of the existence of state court case entitled *Osvaldo Friger Salgueiro v. Mech Tech College, LLC, et al.,* Civil No. CG2018CV03195 (hereinafter, "State Complaint").

According to the *Amended Complaint,* "[o]n or about the month of January, 2019, it came to AIC's officials attention that defendant, Mr. Friger and/or Friger Entertainment was publicly displaying and commercially exploiting the review capsules on Mr. Friger's personal youtube platform and used them to make profit, without AIC's consent, authorization and/or license," namely, one (1) month after Mr. Friger filed the *State Complaint*. Docket No. 22, ¶ 16.

Plaintiff specifically argues that the following informative capsules "have been constantly used and commercially exploited by defendant, Osvaldo Friger and/or Friger Entertainment to make a profit with each registered view made by AIC's and Mech Tech's customers or potential customers," namely, Lancer Evolution X (600 hp), certificate no. PA 2-170-827; Flat Black Twin

Turbo Corvette Z06 1200 hp, certificate no. PA 2-170-840; and Mazda RX7, certificate no. PA 2-170-845. *Id.* ¶ 17. Although AIC mentions four (4) other capsules that have also been registered, the Court will disregard them as the allegations are only directed to the aforementioned. Even if the Court recognizes that copyright protection is automatic from the moment the work is created, it should be noted that the capsules were not registered at the U.S. Copyright Office until May 2, 2019, namely, five (5) months after Mr. Friger's *State Complaint* was filed. *See* Docket No. 22, Exhibits 1, 2 and 3. As a result thereof, Plaintiff is seeking damages because of the Defendants' acts of copyright infringement, which are described by Plaintiff as "illegal, intentional acts." Docket No. 22, ¶ 19.

Whereas, the Defendants essentially argue that "the copyright infringement claim should be dismissed because AIC's allegations fail to state a claim under which relief can be granted, since the challenged videos (featuring Defendant Friger Salgueiro as the host) are being displayed and commercially exploited by AIC and/or Mech Tech (who no longer is in this case)[1], not any of the Defendants, in the YouTube platform they complain about. Moreover, these videos evidently are in the public domain." Docket No. 23 at 3. The Defendants posit that the instant suit "is nothing more but a crude attempt at forum shopping to improperly pressure Defendant Friger Salgueiro, simply because he commenced a state court case against AIC and Mech Tech in December 2018, based on the same operative facts as alleged in the Complaint and Amended

---

[1] The instant suit initially included Mech Tech College, LLC, as a Plaintiff, however, upon an initial request for dismissal on behalf of the Defendants, Plaintiff removed Mech Tech as a Plaintiff, as the copyright registrations are only under the name of AIC. Moreover, upon the filing of the *Amended Complaint,* Plaintiff dropped causes of action for unjust enrichment and preliminary and permanent injunction. *See* Docket No. 22.

Complaint, for the continuous, intentional and unauthorized use of his image, in violation of his image rights." *Id.*

## II.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement of relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).') (quoting *Twombly*, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see e.g. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. "Context based" means that a plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a Bivens claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or

'naked assertion[s]' devoid of 'further factual enhancement.'" *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (quoting *Iqbal*, 556 U.S. 678) (quoting *Twombly*, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.*

Thus "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but has not 'show[n]' 'that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 679-80 (citing *Twombly* 550 U.S. at 567). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Ocasio-Hernandez*, 640 F.3d at 12, (citing *Iqbal*, 556 U.S. at 679); *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 45 (1st Cir. 2009).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" even if seemingly incredible. *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Twombly*, 550 U.S. at 556) ("[T]he court may not disregard properly pled factual

allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29. Additionally, a district court may not weigh evidence in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Massachusetts Delivery Ass'n v. Coakley*, 671 F.3d 33, 39 n. 6 (1st Cir. 2012) (emphasizing that a primary difference between a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) is that, under Rule 12(b)(1), a court may weigh the evidence and make factual determinations).

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." Id. at 596; see Iqbal, 556 U.S. at 681 ("To be clear, we do not reject [] bald allegations on the ground that they are unrealistic or nonsensical. . .. it is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see Mendez Internet Mgmt. Servs. V. Banco Santander de P.R.*, 621 F.3d 10, 14 (1st Cir. 2010) (The *Twombly* and *Iqbal* standards require District Courts to "screen[] out rhetoric masquerading as litigation.").

The First Circuit outlined two considerations for district courts to note when analyzing a motion to dismiss. *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which

contains sufficient facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly-Iqbal. Id.* at 104. Second, district courts should accord "some latitude in cases where "[a] material part of the information needed is likely to be within the defendant's control." Id. (more latitude is appropriate in cases where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury.) (Internal citations and quotations omitted).

### III.      LEGAL ANALYSIS

#### A. *Copyright Infringement*

In order to prevail on a claim of copyright infringement, "a plaintiff must prove two elements: (1) ownership of a valid copyright and (2) copying of the protected work by the alleged infringer." *Mag Jewelry Co., Inc. v. Cherokee, Inc.,* 496 F.3d 108, 115 (1st Cir.2007)(citing *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.,* 499 U.S. 340, 361, 111 S.Ct.1282 (1991)). In turn, this second element is bifurcated. *Coquico, Inc. v. Rodriguez–Miranda,* 562 F.3d 62, 67 (1st Cir.2009). Hence, "[t]o establish copyright infringement, [AIC] must prove 'both ownership of a valid copyright and illicit copying.'" *Harney v. Sony Pictures Television, Inc.*, 704 F.3d 173, 178 (1st Cir. 2013)(quoting *Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F.3d 25, 33 (1st Cir.2001)). However, "[c]opying another's work does not, however, invariably constitute copyright infringement." *Id.* In order to incur in copyright infringement, "[AIC] must establish that the copying is actionable by 'prov[ing] that the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works 'substantially similar.' " *Johnson v. Gordon*, 409 F.3d 12, 18 (1st Cir. 2005)(quoting *Segrets, Inc. v. Gillman Knitwear Co.*, 207 F.3d 56, 60 (1st Cir. 2000)).

The Court begins by noting that the *Amended Complaint* is particularly specific as to the fact that the alleged review capsules were being displayed in "Mr. Friger's personal youtube platform and used them to make profit, without AIC's consent, authorization and/or license." Docket No. 22, ¶ 16. Hence, as Codefendant, Friger Entertainment has no involvement in the instant suit, dismissal of all causes of action against the corporation is warranted.

Furthermore, Plaintiff alleges that Codefendant Friger is displaying three (3) review capsules that are owned by AIC for personal gain as follows: "[o]n or about the month of January, 2019, it came to AIC's officials attention that defendant, Mr. Friger and/or Friger Entertainment was publicly displaying and commercially exploiting the review capsules on <u>Mr. Friger's personal youtube platform</u> and used them to make profit, without AIC's consent, authorization and/or license." Docket No. 22, ¶ 16 (emphasis ours). Yet, the Defendants refute said allegation by producing print screens of both Mech Tech and Defendant Friger's YouTube Channel accounts as exhibits of their *Motion to Dismiss*. While the Mech Tech YouTube Channel account appears to display review capsules in which Mr. Friger appears, there are no videos related to Mech Tech in Mr. Friger's YouTube Channel Account. *See* Docket No. 23, Exhibits 1 and 2, respectively. Clearly, the exhibits produced by the Defendants are central to Plaintiff's claim. However, the Court notes that the produced screenshots are from a date subsequent of the filing of the *Complaint*, therefore do not demonstrate whether Mr. Friger was publicly displaying said content at the time alleged in the *Complaint*, to wit, January 2019.[2]

---

[2] "In ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs. Id. Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment.
There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the

On a separate note, Plaintiff's suit is premised on alleging an unauthorized use of the capsules for Mr. Friger's personal gain. Pursuant to Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. More importantly, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d.ed. 2004). Accordingly, "it is clear that in order to satisfy the requirements of Rule 8(a) the pleading must contain something more by way of a claim for relief than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action." § 1216 Statement of the Claim—Significance of "Claim for Relief", 5 Fed. Prac. & Proc. Civ. § 1216 (3d ed.). Hence, [t]he sole inquiry under Rule 12(b)(6) is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted. Fed.R.Civ.P. 12(b)(6). *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011).

---

complaint.' When the complaint relies upon a document, whose authenticity is not challenged, such a document "merges into the pleadings" and the court may properly consider it under a Rule 12(b)(6) motion to dismiss. *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co*., 267 F.3d 30, 33 (1st Cir. 2001)." (Citations omitted).

Upon reading the *Amended Complaint* in the light most favorable to Plaintiff, the Court finds that Plaintiff's allegations provide sufficient facts to raise a plausible claim for relief. Simply put, Plaintiff alleges a public display and commercial exploiting of the review capsules with information as to the registration of their copyrights, the approximate date of said display, and the persons who discovered the potential infringement. The Court notes that in order for a complaint to "state[] a plausible claim for relief" as required by case law, certain grade of specificity as to the alleged infringement is required. *Iqbal*, 556 U.S. 679. The Court finds that the standard set forth in Fed. R. Civ. P. 12(b)(6) is met. Therefore, after a careful analysis of the arguments raised by the parties, the Court concludes that Plaintiff has presented sufficient facts to raise a plausible claim for relief. *See Sepúlveda-Villarini*, 628 F.3d at 29.

Notwithstanding the above stated, once the discovery phase concludes, the Defendant may renew his arguments by dispositive motions. It is at that time that the Court could effectively examine whether the allegations raised by Plaintiff are meritorious and properly supported by the evidence.

Finally, as to Codefendant, Friger Entertainment, LLC, the Court finds that the allegation set forth by Plaintiff is insufficient to raise a plausible claim for relief as to the corporation. Therefore, a dismissal is warranted.

## IV.    CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS IN PART and DENIES IN PART** the Defendants' *Motion to Dismiss Amended Complaint (Docket No. 22) Pursuant to Fed. R. Civ.*

*P. 12(b)(6)* (Docket No. 23). All causes of action against Friger Entertainment, LLC are hereby

**DISMISSED WITH PREJUDICE**.[3]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of March, 2021.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge

---

[3] Nonetheless, the Court will refrain from issuing a partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *Nichols v. Cadle Co.*, 101 F.3d 1448, 1449 (1st Cir. 1996)("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas-Green v. Casaine*, 906 F.2d 18, 21 (1st Cir. 1990)("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.'" *Id.* (quoting In re Continental Investment Corp., 637 F.2d 1, 3 (1st Cir. 1980)); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority*, 888 F.2d 180, 183 (1st Cir. 1989); *Consolidated Rail Corp v. Fore River Ry. Co.*, 861 F.2d 322, 325 (1st Cir. 1988); *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 43 (1st Cir. 1988); *Santa Maria v. Owens-Ill., Inc.*, 808 F.2d 848, 854 (1st Cir. 1986)); *see also United States v. Nixon*, 418 U.S. 683, 690 (1974).